The next case on our calendar is Chris H. v. State of New York and the City of New York. Thanks. Good morning, Mr. Henry. Good morning, Your Honors. I was asking for more time. I can't have it. I can't have it. Use your five minutes well. Go on. Okay. First, on my Rule 60B for Judge Abrams, I asked this Court to void that order. It's very simple. On April 4th, I submitted a motion for recusal. It was not opposed by the other counsel, which means as of that date, jurisdiction was lost. Abrams did not come to that conclusion. When I first came here, this Court says subject matter jurisdiction was the most important thing. There was no decision on that from the lower court. So I'm not asking to overturn a decision. There was no decision. It was postponed several times, and on April 12th, right before the court, Judge Dawson just says, oh, I'm not going to take that. She does not have that authority. A judge does not make a jurisdiction decision. So what I'm asking for is that the Rule 60B for Judge Abrams' order, even though it was appealed, should be thrown out because we never answered the question of jurisdiction. Now, settled law says Bryan v. Novak in New York that says recusal is automatic. So that's another question before the court that was never answered. The basis for the recusal request? One, because I had the first lawsuit, which is here. The second is for her bias. She lies, and I'll cover that in my second lawsuit, in my second part of this argument. So that was the reason for it. But nevertheless, I have a right to question jurisdiction at any stage of any proceeding. So clearly, I think that Judge Abrams should have at least answered that question on the record. On the record. It was never answered. Then apply immunity according to Harlow v. Fitzgerald if you want to do that. But you can't leverage immunity and then say, oh, she's covered by immunity. So moving on to my primary underlying case. Your Honor, my case started with a domestic violence report, which means, basically says, is no arrest, because I filed it. It's in the record. I was arrested and removed from my property. As we all know, Article I, Section 10, Clause 1, contract. The state cannot interfere on my mortgage, cannot remove me from my property, my mortgage, at all. For no reason. They did that. They moved me and then tried to say, oh, I violated an order. You cannot write an order on my property. Second piece, Mr. Renesky, who is a support order, he's not a judge. He's an investigator, and according to Eastern District, Judge M, Chief Judge, it says an investigator, in order to prove fraud in a contract, it's very simple. One, he must be in investigative mode, which is a support officer, which is not a judge. Two, he must fraudulently find facts, which is he removed my mortgage in order to calculate child support. As we know, this circuit court says child support is a contract under U.S. v. SAGE, so it's not law. And then he passed it on to Judge Dawson, who then says, oh, of course he's right. That's one of the violations. He asked for the recusal motion. That's one of them. And third, a jury would have likely said, yes, this child support order was okay if we hide the mortgage. Well, now we know a mortgage is a public document. I can find your mortgage. I can find your mortgage. I can find your mortgage. So that's of itself. The third, the police officer had no warrant. The order of protection was void from the beginning because you can't remove me from my property, and then arrest me, and then throw the case out saying, oh. And then Clark, the state. The state gave a contract to a convicted felon to occupy my apartment to rack up $40,000 worth of expenses, and Judge Dawson wouldn't deal with it. The state is part of the ringleader. You can't do that to me and get away with it. And then finally, with my domestic violence report, any white female could go into any court and get a judge to say, yes, you have a case for that. Oh, he harassed you. We should go to trial. In my case, I'm asking for a trial before the district court on that issue as well. The state is also part of that. The state and Judge Dawson are together on this issue. All right. This is a good place to stop. You still have two minutes for rebuttal. We'll hear first from the state and then from the city. Thank you. Mark Grube for the state of New York and the state judges named as defendants. The district court correctly concluded that plaintiff's claims against the state defendants are barred by the 11th Amendment, judicial immunity, and the Rooker-Feldman Doctrine. The 11th Amendment bars claims against a state and its judicial officers acting in their official capacities. His claims here are only for monetary damages, and the plaintiff identifies no waivers or obligation of sovereign immunity applicable here. So the district court properly dismissed those claims. Turning to the claims against the judicial defendants in their individual capacities, judicial immunity bars the claims because the only allegations in the complaint concern plaintiff's interactions with the judges in the courthouse, in their capacity as judges, and the judges only committed acts within their jurisdiction, as we explain in our brief. I will briefly speak about the Rule 60B motion, which I believe the judicial notice motions were resolved, but the Rule 60B motion is still open. That concerns a separate lawsuit that this court affirmed in October, in which we submitted a 28-J letter concerning that decision. So that motion should simply be denied because it's in the wrong place, and also it does not satisfy the requirements for Rule 60B relief. Unless the court has any further questions, I'll rest on our papers and ask that you affirm the district court. I don't have any. You are appearing for Judge Dawson and the two magistrates. That's correct. Two magistrate judges. Yeah, this state. Set amounts to be paid. That's their job. That's correct. The magistrates, if you look at our supplemental appendix, they act just like judges or the magistrates that you're familiar with in the federal system. They hold hearings, they hear testimony, and they issue reports and recommendations to the family court or the trial court with respect to amounts of child support. They're covered by the same immunity, you argue? That is correct. We argue that the Supreme Court has extended immunity to actors acting in judicial capacities, and that's extended even further than magistrates, but also to law clerks and probation officers preparing pre-sentence reports. So the support magistrates here fall clearly within those cases. That's what I was looking for. I found that they're called support magistrates. That's their title? I believe that is the official title, yes. Thank you. Okay, thank you. We'll hear from the city. May I please the court? My name is Claiborne Henry on behalf of the city defendants. No relation? No, Your Honor. As the district court held, all of Appellant's claims stemming from his arrest, detention, and prosecution were untimely. Appellant was arrested in May of 2009. He was detained in May of 2009. The case was dismissed in March of 2010. He had three years from those dates to bring an action. He did not bring suit until August 2016, long after the time to file had expired. In any event, his Monell claims were meritless. As the district court held, he failed to identify a single municipal policy custom or practice that was responsible for his alleged constitutional rights violations. What he relied upon was a decades old lawsuit against New York and a comment in the Mullen Commission's report. But neither of those things established any link toward a current municipal policy that was responsible for his alleged injuries. And no inference could be made from his allegations that he had suffered a constitutional rights violation. If the court has no questions, I'll rely on the city's papers. Thank you, counsel. Mr. Henry, you have two minutes left. Did you ever have an attorney in any of these cases? Yes, I did, Your Honor. And they were deplorable. Made none of these arguments. So let me continue. So you don't have an attorney now? Right. Okay. So you understand that both counsel just made legal arguments? Yes. Okay, not facts. Right. Legal arguments. All right. Use your two minutes to try and respond. The first legal argument is that the police officer in the city case did not have a warrant under Payton v. New York. That's a legal argument that says he's not covered by immunity. The second legal argument, further investigation should have been done to know that this was my property and you cannot write an order of protection to remove me from that. As you know, if I had raised my finger at a police officer, that's protected by the First Amendment. So if I tell a police officer that this is my property, that's protected by First Amendment under contract law. The argument is the charges were dismissed in 2010. Yes. Under the law, you have three years to sue. You didn't sue until 2016, and, therefore, the claims are barred by the statute of limitations. How do you respond to that? I respond to that, Your Honor, under my paperwork where I said it's when I realized that my rights were violated is when the clock starts, not according to when the incident happened. Being that there was no foundation for the incident, therefore, there is no time barred for violation of a constitutional right, none whatsoever. But that's not correct. Okay, Your Honor. Right. I mean, the clock starts running when you are damaged. Okay. When you are harmed. Your Honor, I was harmed because as a result of the arrest, I lost my apartment. It was foreclosed on because they removed me and I couldn't pay. The second legal argument is the fraudulent concealment by Reineske regarding the child support. As you know, can I finish my sentence, Your Honor? Sure. A support officer is a non-judicial officer. You must be in that mode. According to even the Eastern District. The counsel just told me that they have the same immunity as judicial officers. They do not in the process, Your Honor, because they're in investigative mode. Their job is to find a fact of child support, which is they collect the evidence, they make a determination, sends it to Judge Dawson for decision, and if it's an adverse effect, that is called investigative. Even a prosecutor doing that function is not covered by immunity at all. The Eastern District made that very clear in Morris v. Foster, which this court says extended that investigative as well as Justice Lever, not Lever, Hall, Peter W. Hall said the same thing. If you're in investigative mode, which most support officers are, you're not covered by immunity. However, you are covered under color of law because you're managing and monitoring federal programs. That's also in my paperwork as well. So, yes, they are covered under color of law, but they're not covered by immunity because they're in investigative mode. That is why they have to go to Judge Dawson for final determination. So it's like giving false evidence to the jury and says, oh, there's a conviction. As you know, that's not covered by the law. That's a legal argument that I can bring forward. That's why I want it to go to trial. All I'm asking for is that this court just allow me to take this to the end of trial so that all these legal arguments that I have can be put forward properly as opposed to dismissing the claim. There are facts. I agree. None of them can be disputed, but the point is I've made very clear in the law that I was harmed. I lost my apartment. I lost half of my apartment, which, by the way, Wuschbrick says I can come here and talk about due process violation and how I was damaged. So- I think you've made your argument, and we have your papers. Okay. So we will consider them. We'll reserve decision, and we'll issue an order in due course. Thank you, Your Honor. Thank you. I'll ask the clerk to adjourn court. Court is adjourned.